IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 23- 54 |
| DONALD TYREE SMITH | [UNDER SEAL] |

**FILED**

## INDICTMENT MEMORANDUM

MAR 21 2023

CLERK U.S. DISTRICT COURT
DIST. OF PENNSYLVANIA

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Douglas C. Maloney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession of a machine gun. On or about March 5, 2023. | 18 U.S.C. § 922(o)(1) |
| Two | Possession of a firearm by a convicted felon. On or about March 5, 2023. | 18 U.S.C. § 922(g)(1) |

### II. ELEMENTS OF THE OFFENSES

**A.     As to Count 1:**

In order for the crime of possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      The defendant, on or about the date set forth in the Indictment, possessed the firearm described in the Indictment.

> United States v. Beason, 690 F.2d 439 (5th Cir. 1982), cert. denied, 103 S. Ct. 828 (1983); United States v. Henderson, 482 F.2d 558 (8th Cir. 1973); United States v. Cserna, 110 F.3d 70 (9th Cir. 1997); United States v. Huerta, 78 F.3d 595 (9th Cir. 1996).

2.      The firearm identified in the Indictment was, on the date charged in the Indictment, a machinegun as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b).

> United States v. Fleischli, 2002 WL 31029282 (7th Cir. 2002).

3.      The defendant knowingly possessed the firearm.

> United States v. Runyon, 621 F.2d 317 (8th Cir. 1980); United States v. DeBartolo, 482 F.2d 312 (1st Cir. 1973); United States v. Aldape, 28 F.3d 113 (10th Cir. 1994).

4.      The defendant knew that the characteristics of the firearm he possessed met the statutory definition of a "machinegun."

> Staples v. United States, 511 U.S. 600 (1994); United States v. Palmieri, 21 F.3d 1265 (3d Cir.), vacated 513 U.S. 957 (1994), on remand 46 F.3d 5 (3d Cir. 1995).

**B.     As to Count 2:**

In order for the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      DONALD TYREE SMITH knowingly possessed the firearm described in Count Two of the Indictment;

2.      At the time of the charged act, DONALD TYREE SMITH had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.       At the time of the charged act, DONALD TYREE SMITH knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.       DONALD TYREE SMITH's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

### III. PENALTIES

**A.     As to Count 1: Possession of a machine gun (18 U.S.C. § 922(o)(1)):**

1.       A term of imprisonment of not more than ten (10) years (18 U.S.C. § 924(a)(2));

2.       A fine of $250,000 (18 U.S.C. § 3571(b)(3));

3.       A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**B.     As to Count 2: Possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):**

1.       A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 924(a)(8)). However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment;

2.       A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

3.       A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Douglas C. Maloney*
DOUGLAS C. MALONEY
Assistant U.S. Attorney
PA ID No. 314082